**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JOE C. POWELSON**                                                                     **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 2:18-CV-87-KS-MTP**

**ANNA BRASHIER, et al.**                                              **DEFENDANTS**

**<u>MEMORANDUM OPINION AND ORDER</u>**

This cause is before the court on the Motion to Remand filed by Joe C. Powelson ("Plaintiff") on June 21, 2018 [4]. Defendant, State Farm Mutual Automobile Insurance Company ("State Farm") responded [8, 9], and Plaintiff filed a Reply [11]. Defendant Anna Brashier ("Brashier") did not respond to the Motion to Remand. Having reviewed the motion and the record in this cause, as well as the applicable law, and otherwise being fully advised in the premises, the Court finds that the Motion to Remand should be **granted in part** and **denied in part**.

**I.   Background**

This case arises from an automobile accident that occurred on September 10, 2015, wherein the Plaintiff, Joe C. Powelson was involved in a collision with Brashier. Before filing suit, Plaintiff made claims against Brashier's insurer and also made an underinsured motorist claim against Defendant State Farm. Plaintiff contends that State Farm issued a policy of insurance to Plaintiff's father-in-law with whom he resided, which policy Plaintiff believes provides coverage to him as a resident relative.

On April 16, 2018, Plaintiff filed his Complaint against Brashier and State Farm in the Circuit Court of Jones County, Mississippi. *See* Ex. A. to Notice of Removal [1]. Plaintiff has asserted a negligence claim against Brashier, and several claims against State Farm, which include breach of contract, breach of duty of good faith and fair dealing, tortious breach of contract, and

1

bad faith. On May 23, 2018, State Farm removed the case to this Court, claiming diversity jurisdiction under 28 U.S.C. § 1332. State Farm posits that diversity exists even though Plaintiff and Brashier are both citizens of Mississippi because Brashier was fraudulently joined. [1] at p. 3 ¶ VIII.[1]

## II. Discussion

Plaintiff challenges the propriety of removal, arguing that the Defendant insurer has not met the burden of showing that removal was proper. This Court disagrees in part and finds that removal was proper as to State Farm.

### A. Standard for Removal

Federal courts are courts of limited jurisdiction, whose jurisdiction is conferred by the Constitution or Congress. *See Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* 668 F.3d 281, 286 (5th Cir. 2012). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). "The removing party bears the burden of showing [by a preponderance of the evidence] that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Nowlin v. United States*, 81 F. Supp. 3d 514, 524 (N.D. Miss. 2015) (noting that the "burden of proof falls on the party claiming jurisdiction, and the showing must be made by a preponderance of the evidence" and citing *McNutt v. Gen. Motors Acceptance Corp. of*

---

[1] State Farm later contends that Brashier has been *fraudulently and/or egregiously misjoined* and cites to *Tapscott v. MS Dealer Svc. Corp.,* 77 F.3d 1353 (11th Cir. 1996). [1] at p. 5 ¶ XI.

*Indiana*, 298 U.S. 178 (1936) and *Vantage Trailers v. Beall Corp.*, 567 F.3d 745 (5th Cir.2009)).[2]

"Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

### B. Removal Based on Diversity

For proper removal based on diversity of citizenship, the statute provides:

> **(1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> **(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). The statute clearly states that removal is not proper if any of parties, who are properly joined as defendants, are citizens of the State in which such action is brought. However, simple "misjoinder" has never been the basis for ignoring the citizenship of the non-diverse party. Prior to the "fraudulent misjoinder" doctrine set forth in *Tapscott v. MS Dealer Svc. Corp.,* 77 F.3d 1353 (11th Cir. 1996), the sole basis for disregarding the citizenship of a non-diverse party was "fraudulent joinder." *Palermo v. Letourneau Technologies, Inc.*, 542 F. Supp. 2d 499, 511 (S.D. Miss. 2008). Here, jurisdiction appears to be proper but for the lack of diversity between Plaintiff and Defendant Brashier. State Farm argues that removal was proper because Plaintiff either fraudulently joined or fraudulently misjoined Brashier.

---

[2] State Farm mistakenly states in its response that the Motion to Remand should be denied because Plaintiff "fail[ed] to show that the causes of action against Brashier and State Farm were not fraudulently misjoined . . . " It is not Plaintiff's burden.

3

### 1. Fraudulent Joinder

To establish fraudulent joinder, a removing party must show: 1) actual fraud in pleading the jurisdiction of the court or 2) the inability of the Plaintiff to establish a cause of action in state court against a non-diverse party. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir.1999)). State Farm has failed to establish fraudulent joinder by Plaintiff in this case. State Farm has not argued that Plaintiff committed actual fraud in his pleadings and also does not argue that Plaintiff cannot establish a cause of action in state court against Defendant Brashier. Thus, while State Farm's removal notice mentions "fraudulent joinder," it has not carried its burden on such claim to show that federal jurisdiction exists and that removal was proper. Consequently, remand would be proper, but first the Court must address whether State Farm has adequately established fraudulent misjoinder.

### 2. Fraudulent Misjoinder

Both parties spend a great deal of effort arguing whether the doctrine of fraudulent misjoinder set forth in *Tapscott*, *supra*, is recognized in the Fifth Circuit as a valid basis for removal. Plaintiff urges the Court to look at two very recent 2018 cases from the Northern District—*Wilson v. State Farm Mut. Auto Ins. Co*., No. 4:17-cv-124-DMB-JMV, 2018 WL 109683 (N.D. Miss. Feb. 28, 2018) and *Boddie v. Walker*, No. 4:16-cv-209-M-V, 2018 WL 2213435 (N.D. Miss. May 15, 2018), both dealing with fraudulent misjoinder in insurance cases. *Wilson* involves a bad faith claim and *Boddie* deals particularly with UM claims against an insurer, both of which Plaintiff finds favorable to his arguments. State Farm, on the other hand, tracks the history of favorable fraudulent joinder decisions throughout the Northern and Southern Districts of Mississippi.

While Judge Brown from the Northern District in *Wilson* found that the Fifth Circuit has not expressly adopted the fraudulent misjoinder doctrine and then remanded the case, this Court has never made such a definitive finding and cannot say that it fully agrees with the *Wilson* decision. Because the removal statute plainly states that removal is not proper if "properly joined" defendants are citizens of the state in which the action is brought, it stands to reason that a removing defendant should be able to make the argument that the non-diverse defendant is "not properly joined." *Cf. Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 n.7 (5th Cir. 2006) (finding that Section 1441(b) does not refer to "fraudulently joined" parties—only "properly joined" defendants). Thus, given the Fifth Circuit's mention of *Tapscott* on more than one occasion, this Court finds that fraudulent misjoinder is a viable doctrine. *See, e.g., In re: Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *In re: Benjamin Moore & Co.*, 318 F.3d 626, 630-631 (5th Cir. 2002); *Crockett, supra*, 36 F.3d at 533.

That having been said, due to the lack of direct guidance from the Fifth Circuit, rather than follow *Tapscott* precisely in analyzing fraudulent misjoinder, this Court has previously adhered to the standard propounded by Judge Bramlette in the oft-cited case, *Palermo v. Letourneau Technologies, Inc.*, 542 F. Supp. 2d 499, 511 (S.D. Miss. 2008). *See, e.g., Knight v. Smith*, No. 2:17-cv-54, 2017 WL 2841329 (S.D. Miss. July 3, 2017)(J. Starrett); *JCKP, LLC v. Berkley Reg'l Specialty Ins. Co.*, No. 2:14-cv-117, 2015 WL 13448015 (S.D. Miss. Jan. 30, 2015)(J. Starrett).

Whereas *Tapscott* utilizes the federal rules to determine if joinder is proper, *Palermo* uses state law to determine the propriety of the joinder. *Palermo*, 542 F. Supp. 2d at 517. *Palermo* ultimately concluded that the proper inquiry is whether "there is a reasonable possibility that the state court would find joinder proper." *Id.* at 524. If there is such a reasonable possibility, the

Plaintiff's choice of forum prevails and the Court will remand. *Id.* If there is not, the Court will sever the claims and remand those over which it does not have jurisdiction. *Id.*

In addition, while *Tapscott* requires a finding of the nebulous notion of "egregiousness," *Palermo* concludes that it is "the lack of a reasonable possibility that the state court would allow the joinder [that] renders the claims or parties "fraudulently misjoined." *Id.* Because the doctrine of fraudulent misjoinder is somewhat new and there remains no specific pronouncement on the subject from the Fifth Circuit, this Court continues to agree that the approach in *Palermo* is the best reasoned and "a common-sense solution to the present procedural confusion." *Hampton v. Frost*, No. 3:15-cv-576-CWR-FKB, 2015 WL 11233043 at *1 (S.D. Miss. September 24, 2015).

### C. Analysis of Fraudulent Joinder in this Case

Under the standard articulated in *Palermo*, the Court finds there is not a reasonable possibility that a Mississippi state court would allow the joinder. Mississippi Rule of Civil Procedure 20(a) provides in relevant part:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action.

Both prongs must be met for there to be proper joinder. *Wyeth-Ayerst Labs. v. Caldwell*, 905 So. 2d 1205, 1207 (Miss. 2005). In 2004, the comments to Rule 20(a) were amended to clarify that in order to find the same transaction or occurrence, "the court must find a 'distinct litigable event linking the parties.'" *Id.*

In *Mercer v. Moody*, a motorist was involved in an automobile accident wherein a dump truck collided with a calf, and the motorist sustained personal injuries. 918 So. 2d 664, 666 (Miss. 2005). The motorist sued the owner of the calf for negligence and his own employer's insurance

company for declaratory relief. *Id*. The court found that the same transaction or occurrence requirement was satisfied because the potential claims rose out of one distinct event—the accident. *Id*. at 667. Likewise, the same is true in this case. There was one distinct event linking the parties, the accident on September 10, 2015, from which all of the claims arise. Accordingly, the first prong of Rule 20(a) is met.

Whether a common question of law or fact will arise is a more difficult call. This is where the decision turns on a case's "own unique circumstances." *Palermo*, 542 F. Supp. 2d at 523 (finding that a thorough review of "case law relevant to the fraudulent misjoinder analysis supports the axiom that in deciding joinder issues each case must turn on its own unique circumstances" and citing *Hegwood v. Williamson*, 949 So. 2d 728, 730 (Miss. 2007)). In *Mercer*, the issue was the propriety of a declaratory action to establish coverage when an insurer has not denied coverage. 918 So. 2d 667-668. The plaintiff brought a declaratory judgment action, but the insurer had not only admitted that the loss was covered, it had already paid the plaintiff for his losses. *Id.* at 668. Thus, because there would be no common question of law or litigated between the parties, the Mississippi Supreme Court found joinder was improper. *Id.*

In this case, the issue is not a declaratory judgment action, but rather a dispute over underinsured motorist benefits. While the Court finds the recent *Boddie* case, *supra*, both thorough and persuasive in the context of disputing negligence under a UM benefits claim, it is not applicable here. The common question of the negligence of the alleged tortfeasor is not at issue in this case as it appears to have been in *Broddie*. Although this case involves a "claim" for UM benefits, the facts to be litigated against Brashier will differ from the facts to be litigated against State Farm.

This case is more akin to *Mercer* where there was no declaratory action because there was no coverage dispute. Here, based on the pleadings, State Farm admits that Brashier was negligent and that her negligence was the sole proximate cause of the accident. *See* Compl. Ex. 2 to [1] at ¶¶ 8, 9, 19-23, 25); State Farm Answer [2] at ¶¶ 8, 9, 19-23, 25. What appears to be in dispute is whether UM coverage applies as a resident relative and whether there were breaches of contract and/or bad faith in denying the claim. *See* Compl. Ex. 2 to [1] at ¶¶ 12, 13, 24-44); State Farm Answer [2] at ¶¶ 12, 13, 24-44. If there is no coverage, then all of the issues relating to the accident are moot as to State Farm. Should a jury ultimately determine there is coverage, then there may be common issues relating to damages and whether Brashier's coverage was insufficient (*See* Compl. Ex. 2 to [1] at ¶¶ 14, 24, 45; State Farm Answer [2] at ¶¶ 14, 24, 45), but presently, given the status of the pleadings, this Court can only say that such questions of law or fact *may* arise. Rule 20(a) mandates a finding that such questions *will* arise. Therefore, without being able to meet both prongs of Rule 20(a), there is not a reasonable possibility that a state court would find joinder proper in this case. Based on the foregoing, the Court finds that State Farm has met its burden of establishing jurisdiction by a preponderance of the evidence.

**III.     Conclusion**

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand [4] is **granted in part and denied in part**. Plaintiff's claim against Defendant Anna Brashier shall be severed and immediately remanded to the Circuit Court of Jones County, Mississippi. The Court will retain Plaintiff's claims against State Farm Mutual Automobile Insurance Company.

SO ORDERED AND ADJUDGED this 5th day of September 2018.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE