IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOE C. POWELSON                                                                                PLAINTIFF

V.                                               CIVIL ACTION NO.: 2:18-CV-87-KS-MTP

ANNA BRASHIER and STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY            DEFENDANTS

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF FIRST MOTION TO COMPEL**

Joe C. Powelson ("Powelson"), pursuant to Federal Rule of Civil Procedure 37, Local Uniform Civil Rule 37, and this Court's Case Management Order [Doc. #22], hereby moves the Court to compel State Farm Mutual Automobile Insurance Company ("State Farm") to provide proper and complete responses to Powelson's document requests. In support hereof, Powelson states as follows:

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Powelson has asserted breach of contract and related bad faith claims against State Farm stemming from its refusal to provide underinsured motorist ("UM") coverage to Powelson in connection with an automobile accident. Powelson, through discovery, has sought information and documents from State Farm related to the claims and defenses involved in this action, but State Farm has refused to provide certain requested documents.

**II.     CERTIFICATION OF GOOD FAITH**

As required by Federal Rule of Civil Procedure 37(a)(1) and Local Uniform Civil Rule 37(a), counsel for Powelson has conferred in good faith with counsel for State Farm in an attempt to resolve these discovery issues, but a resolution has not been reached. *See* Good Faith Certificate, Ex. "A" to Motion to Compel. On February 14, 2019, the Court conducted a telephonic conference

1

with the parties to discuss these pending discovery issues. During that conference, the Court discussed possible rulings and resolutions, but the dispute remains.

### III. DISCOVERY RESPONSES

Powelson respectfully requests that the Court rule that State Farm's objections are without merit and compel State Farm to produce documents responsive to the following requests:

### STATE FARM'S RESPONSES

REQUEST FOR PRODUCTION NO. 1: Please produce all documents in Your possession that support State Farm's contention that "Powelson and his father-in-law Bobby Ryals, each had a separate residence at 829 Lower Myrick Road, Laurel, Mississippi, 39443" as stated in Paragraph XII of Your Answer.

RESPONSE: Please see the Claim File, Bates Numbers CF 0001-0113 as well as the statements of Bobby Ryals and Lisa Powelson which were previously produced. As discovery is in its infancy, this Response may be supplemented.

**REASON TO COMPEL:** State Farm has produced no documents responsive to this request. There are no documents showing an investigation or other fact-finding activities that determine that Powelson and Bobby Ryals ("Ryals") are not resident relatives. The claims file notes state that they share the same address, 829 Lower Myrick Road, Laurel, Mississippi 39443, and further directs that a "stacking claim" be established.

The statements of Ryals and Lisa Powelson have not been produced. Subsequent to this response, State Farm's counsel advised that the response was inadvertent and that State Farm did not intend to produce those statements. However, even after this subject came up during the telephone conference with the Court, the response has not been amended. Powelson has requested production of these statements. State Farm has taken the position that the statements of Ryals and Lisa Powelson are work product.

It is unclear whether State Farm takes the position that the work of its attorneys (who took the Ryals and Lisa Powelson statements) is claim investigation. We know that on May 29, 2018,

2

State Farm denied coverage, stating "State Farm would affirmatively state that Powelson was not a resident relative entitling him to uninsured motorist coverage under Bobby Ryals' insurance policy." *See* [Doc. #2 at 15, Twenty-third Defense]. If State Farm is going to rely on the statements in its investigation of this claim, it cannot simultaneously characterize that claim investigation as work product. If, on the other hand, State Farm is willing to stipulate that it did not consider the information gleaned from its attorneys in their interviews of Ryals and Lisa Powelson, or the substance of their statements, as part of its claim investigation, it is possible that the claim of work product has merit. State Farm cannot have it both ways. It cannot use that information to justify its claim decision and withhold it from production.

Powelson does not concede that the statements of Ryals and Lisa Powelson are work product, particularly considering State Farm's ongoing claim investigation and adjustment responsibilities. However, assuming, *arguendo*, they are, the statements are relevant to the claims and defenses of both parties and there is a substantial need for the statements. *See* Fed. R. Civ. P. 26(3)(A) (stating that trial preparation materials may be discoverable if "(i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the material to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." When Powelson moved for summary judgment on his status as a resident relative under Ryals' State Farm policy, State Farm responded with affidavits from Ryals and Lisa Powelson. Powelson should be entitled to compare those statements to the affidavits submitted in opposition to summary judgment for purposes of consistency. Further, when Ryals and Lisa Powelson are deposed, Powelson should have the statements to use in that examination. The statements exist because State Farm took them, either in its claim investigation or through direction to its attorneys to do so. There is no other method for Powelson to obtain the statements given to

3

State Farm by Ryals and Lisa Powelson or their substantial equivalents. Even if the statements are work product, which is denied, they must be produced.

> REQUEST FOR PRODUCTION NO. 6: Please produce State Farm's file(s) regarding the sale and/or underwriting of the Policy.
>
> RESPONSE: Please see Response to Request for Production Number 5, above. [RESPONSE to REQUEST FOR PRODUCTION NO 5: To the extent this Request seeks information related to "claim files" please see Response to Request for Production Number 4. To the extent this Request seeks any Underwriting information, State Farm objects to this request on the grounds that it is overly broad in time (not limited by any reasonable period), scope (it is not limited by type of policy or insurance coverage) and due to the use of the terms "all" with respect to the broad categories of documents requested. State Farm objects to producing underwriting information on the ground that it seeks information that is neither relevant to the claims or defenses of a party nor proportional to the needs of the case, because there is no dispute that the applicable policy was in effect on the date of loss. Underwriting and application information is stored electronically in multiple locations. State Farm does not maintain a physical file folder with respect to most insurance policies issued. In addition, this request has the potential to be unduly burdensome.]

**REASON TO COMPEL:** State Farm's objections to the production of its Underwriting information are inappropriate. Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The Underwriting file for the State Farm policy issued to Powelson contains information relevant to the claims and defenses involved in this matter, particularly residency. The address of Powelson and Ryals are key facts, as is State Farm's knowledge of same prior to the September 2015 claim in question. Underwriting files contain this sort of information.[1] *See Taylor v. Hartford Cas. Ins. Co.*, No. 2:09cv231-KS-MTP, 2010 WL 1949493, at *2 (S.D. Miss. May 3, 2010) (stating that

---

[1] After suit was filed, State Farm searched to see if other vehicles were domiciled at Powelson's address and found Ryals' vehicle, noting that the "address for Bobby [Ryals] is the same as the policy address for Mr. Powelson." Assuming this information was in the Underwriting file and available, one must wonder why State Farm did not do this search in 2015 when it considered Powelson's claim and advised him that his single limits of $25,000 were the only available UM coverage, and that since the tortfeasor's policy was in the same amount, he had no UM coverage. The Ryals policy should have been noted by State Farm at that time.

plaintiff could obtain relevant information from underwriting file, which was ordered to be produced). Further, during the deposition of State Farm Agent Mike Zachary, Mr. Zachary specifically referenced the Underwriting information as relevant to claim handling. The Underwriting file should be readily available to State Farm and should be produced.[2]

> REQUEST FOR PRODUCTION NO. 7: Please produce copies of State Farm claim files over the last five years involving the denial of uninsured/underinsured coverage to a purported resident relative. For purposes of responding to this Request, it is acceptable initially for State Farm to produce a list of such claims with key information such as date of claim, description of circumstances, amount of claim, and disposition of claim.
>
> RESPONSE: State Farm objects to this request on the grounds that it is overly broad in time (not limited to a reasonable amount of time), scope (not limited to the type of insurance coverage involved in this lawsuit) and is potentially unduly burdensome. The terms "claim file, "denial," and "purported resident relative" are vague and ambiguous. State Farm further objects on the grounds that it seeks information that is neither relevant to the claims or defenses of a party nor proportional to the needs of the case. The existence of other claims will neither prove nor disprove the existence of any mishandling of this claim as each claim is handled on its own individual merits. This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit. State Farm further objections to this request on the grounds that it seeks confidential business information and invades the privacy rights of policyholders who are not parties to this lawsuit. The information sought may also be protected by the attorney-client privilege and work product doctrine. Finally, any such matters outside of Mississippi, and/or unrelated to the event that is the subject of this lawsuit, have no nexus to the harm claimed to have been sustained by the plaintiff herein with regard to their claim under the subject policy, is irrelevant and the question is not reasonably calculated to lead to relevant facts. See: *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**REASON TO COMPEL:** State Farm's objections are inappropriate. Claims denials involving resident relative issues are certainly relevant here where this is the allegation in the case and where Powelson seeks punitive damages. Additionally, Powelson is entitled to discover similar claims where an agent effectively denied a claim without submitting it to State Farm. Powelson learned

---

[2] It should be noted here that subsequent to the conference with the Court on these issues, State Farm's counsel advised that the Underwriting files would be produced, but to date no such production has been made. Given time issues in this case, Powelson had no choice but to bring this to the Court's attention.

5

on Thursday, February 28, 2019, that the agent in this case made his own determination to deny the claim and declined to forward it to State Farm claims. *See Tyner v. City of Jackson, MS*, 105 F.R.D. 564, 565 (S.D. Miss. 1985) (ordering production of materials regarding other similar incidents). Moreover, "documents prepared in the ordinary course of business . . . are not privileged." *Boswell v. Prop. & Cas. Co. of Hartford*, No. 4:07cv138-TSL-LRA, 2008 WL 11346456, at *2 (S.D. Miss. May 21, 2008). In its Answer, State Farm admits that Powelson notified it of the accident at issue and its agent received notice of his UM claim at least by February 13, 2018, and again on March 9, 2018, but State Farm's records reflect no claims activity until after suit was filed on April 16, 2018. Mike Zachary admits in his deposition that he spoke with Ryals, Mr. Powelson's father in law, and decided not to forward these claim notices to State Farm claims based on that conversation. While the "agent denial" issue was not addressed during the telephonic hearing with the Court, State Farm has indicated that it will not agree to produce similar claim information regardless, so further meet and confer efforts would have no benefit.

During the telephone conference with the Court, it was suggested that Powelson limit his scope regarding similar claims. Subsequent to that call, Powelson confirmed with State Farm that it had no intention to produce similar claim information even if the scope of the request is limited.

## IV.   **CONCLUSION**

Powelson respectfully requests that the Court grant his First Motion to Compel, setting a date certain for State Farm to provide adequate responses to the above requests, including production of (a) the statements of Ryals and Lisa Powelson, (b) Underwriting materials, and (c) file materials for similar claims. Powelson further respectfully requests all other relief the Court deems appropriate.

**Respectfully submitted**, this 5th day of March, 2019.

JOE C. POWELSON

BY: /s/ Jim Warren
Jim Warren (MSB #6966)

**OF COUNSEL:**

Jim Warren (MSB #6966)
Christopher H. Coleman (MSB #101899)
CARROLL WARREN & PARKER PLLC
One Jackson Place, Suite 1200
188 East Capitol Street (39201)
Post Office Box 1005
Jackson, MS 39215-1005
Tel: 601.592.1010
Fax: 601.592.6060
jwarren@cwplaw.com
ccoleman@cwplaw.com

*Attorneys for Joe C. Powelson*

**CERTIFICATE OF SERVICE**

I, Jim Warren, do hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all registered attorneys.

This the 5th day of March, 2019.

/s/ Jim Warren  
**Jim Warren**