IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOE C. POWELSON                                                                                    PLAINTIFF

v.                                                                CIVIL ACTION NO. 2:18-cv-87-KS-MTP

ANNA BRASHIER and STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY                                DEFENDANTS

**ORDER**

THIS MATTER is before the Court on Plaintiff's First Motion to Compel [65] and Defendant State Farm Mutual Automobile Insurance Company's Motion for Time [83]. Having considered the parties' submissions and the applicable law, the Court finds that Plaintiff's Motion to Compel [65] should be granted in part and denied in part and that Defendant's Motion for Time [83] should be granted.

This case arises from an automobile accident that occurred on September 10, 2015, wherein Plaintiff Joe C. Powelson was involved in a collision with Defendant Anna Brashier. Before filing suit, Plaintiff made claims against Brashier's insurer and also made an underinsured motorist claims against Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Plaintiff contends that State Farm issued a policy of insurance to Plaintiff's father-in-law, Bobby Ryals, with whom he allegedly resided. Plaintiff asserts that this policy provides coverage to him for the accident because he is a resident relative of the policyholder.

On April 16, 2018, Plaintiff filed his Complaint against Brashier and State Farm in the Circuit Court of Jones County, Mississippi. On May 23, 2018, State Farm removed the case to this Court. Plaintiff's claims against State Farm include breach of contract, breach of duty of good faith and fair dealing, tortious breach of contract, and bad faith.

1

On February 14, 2019, the Court conducted a telephonic conference with Plaintiff and State Farm concerning disputes arising from Plaintiff's requests for production of documents and State Farm's responses to those requests. The parties were unable to resolve all of their disputes. Thus, on March 3, 2019, Plaintiff filed his First Motion to Compel [65], requesting that the Court compel State Farm to produce documents relating to three requests.

> **Request for Production No. 1**: Please produce all documents in Your possession that support State Farm's contention that "Powelson and his father-in-law Bobby Ryals, each had a separate residence at 829 Lower Myrick Road, Laurel, Mississippi, 39443" as stated in Paragraph XII of Your Answer.
>
> **Response**: Please see the Claim File, Bates Numbers CF 0001-0113 as well as the statements of Bobby Ryals and Lisa Powelson which were previously produced. As discovery is in its infancy, this Response may be supplemented.

In his Motion [65], Plaintiff asserts that the statements of Bobby Ryals and Lisa Powelson (Plaintiff's wife) have not been produced. According to Plaintiff, State Farm advised him that its response to Request No. 1 was inadvertent and that it did not intend to produce the statements. Plaintiff requests that the Court compel State Farm to produce these statements. In its Response [91],[1] State Farm argues that the statements are attorney work product, as they were taken by Calen Wills, its counsel of record in this action. State Farm also argues that Plaintiff cannot show a need for the statements because Plaintiff deposed both Ryals and Powelson on March 12, 2019.

The work product doctrine is governed by Fed. R. Civ. P. 26(b)(3). "The work product doctrine does not exist to protect a confidential relationship but to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of an

---

[1] On March 20, 2019, State Farm filed an Unopposed Motion for Time [83], seeking a six-day extension to respond to the Motion to Compel [65]. Six days later, State Farm filed its Response [90]. The Court will grant the Unopposed Motion for Time [83] and will consider the Response [90] as timely filed.

2

opponent." *Liberty Mutual Ins. Co. v. Tedford*, 644 F. Supp. 2d 753, 764 (N.D. Miss. 2009). The work product doctrine only protects materials that were prepared in anticipation of litigation. Fed. R. Civ. P. 26(b)(3). Documents prepared in the ordinary course of business or that would have been created in similar form irrespective of the litigation are not protected as work product.

"Documents created by the insurer or its representative tend not to be protected by the work product doctrine if they were prepared as a more or less routine investigation of a possible resistible claim." *Kansas City Southern Ry. Co. v. Nichols Const. Co. LLC*, 2007 WL 2461014, at *5 (E.D. La. Aug 27, 2007) (citation and internal quotations omitted). Therefore, the key question is when did State Farm shift from merely investigating the claim to anticipating litigation. *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 2013 WL 6002166, at *4 (S.D. Tex. Nov. 12, 2013).

Often, an insurer begins to anticipate litigation when it denies coverage, but a bright-line rule has not been established in the Fifth Circuit for determining when an insurer anticipates litigation. The United States Court of Appeals for the Fifth Circuit has stated that litigation pertaining to insurance coverage is appropriately anticipated from the date an insurer has a "solid basis to question the . . . insurance claim." *Dunn v. State Farm*, 927 F.2d 869, 875 (5th Cir. 1991). "[I]n an insurance dispute, the question of whether the documents are work product often depends on whether the insurer can point to a definite shift from action in its ordinary course of business to action in anticipation of litigation." *OneBeacon*, 2013 WL 6002166, at *5 (citation and internal quotations omitted).

State Farm has the burden of establishing that the information at issue is work product. *Hodges, Grant & Kaufman v. U.S.*, 768 F.2d 719, 721 (5th Cir. 1985). State Farm has not met its burden of establishing that the statements at issue are protected by the work product doctrine. In

3

its Response [91], State Farm simply asserts that the statements are work product obtained by Calen Wills, its counsel of record in this action. State Farm's conclusory statement, however, is not enough to show that the work product doctrine should protect the statements given by Ryals and Lisa Powelson. State Farm does not specify when the statements were taken. State Farm has not pinpointed a definite shift from acting in its ordinary course of business to acting in anticipation of litigation. The Court cannot assume that the statements are work product simply because they were taken by an attorney.[2] Accordingly, State Farm shall produce to Plaintiff the statements it took from Bobby Ryals and Lisa Powelson.

> **Request for Production No. 6**: Please produce State Farm's file(s) regarding the sale and/or underwriting of the Policy.
>
> **Response**: To the extent this Request seeks information related to "claim files" please see Response to Request for Production Number 4. To the extent this Request seeks any Underwriting information, State Farm objects to this request on the grounds that it is overly broad in time (not limited by any reasonable period), scope (it is not limited by type of policy or insurance coverage) and due to the use of the terms "all" with respect to the broad categories of documents requested. State Farm objects to producing underwriting information on the ground that it seeks information that is neither relevant to the claims or defenses of a party nor proportional to the needs of the case, because there is no dispute that the applicable policy was in effect on the date of loss. Underwriting and application information is stored electronically in multiple locations. State Farm does not maintain a physical file folder with respect to most insurance policies issued. In addition, this request has the potential to be unduly burdensome.

Plaintiff argues that the underwriting files should be produced because they contain information relevant to the claims and defenses involved in this matter, particularly information concerning residency. In its Response [91], State Farm asserts that the Powelson underwriting documents have been produced and that the Ryals underwriting documents will be produced

---

[2] "The work product doctrine does not shield all materials prepared by or for a lawyer." *Texas Molecular Ltd. Partnership v. American Intern. Specialty Lines Ins. Co.*, 2008 WL 2965993, at *2 (S.D. Tex. July 31, 2008).

once they are received. In his Rebuttal [97], Plaintiff concedes that State Farm produced some underwriting documents and asserts that the addresses of Powelson and Ryals are redacted in those materials. The Court, however, conducted a telephone conference with the parties on April 3, 2019, during which State Farm indicated that it would provide the underwriting documents with the addresses unredacted. To the extent State Farm has not produced the underwriting documents, or information concerning addresses therein, it shall produce such information to Plaintiff.

> **Request for Production No. 6**: Please produce copies of State Farm claim files over the last five years involving the denial of uninsured/underinsured coverage to a purported resident relative. For purposes of responding to this Request, it is acceptable initially for State Farm to produce a list of such claims with key information such as date of claim, description of circumstances, amount of claim, and disposition of claim.
>
> **Response**: State Farm objects to this request on the grounds that it is overly broad in time (not limited to a reasonable amount of time), scope (not limited to the type of insurance coverage involved in this lawsuit) and is potentially unduly burdensome. The terms "claim file," "denial," and "purported resident relative" are vague and ambiguous. State Farm further objects on the grounds that it seeks information that is neither relevant to the claims or defenses of a party nor proportional to the needs of the case. The existence of other claims will neither prove nor disprove the existence of any mishandling of this claim as each claim is handled on its own individual merits. This request is not reasonably tailored to include only matter relevant to the issues involved in this lawsuit. State Farm further objects to this request on the grounds that it seeks confidential business information and invades the privacy rights of policy holders who are not parties to this lawsuit. The information sought may also be protected by the attorney-client privilege and work product doctrine. Finally, any such matters outside of Mississippi, and/or unrelated to the event that is the subject of this lawsuit, have no nexus to the harm claimed to have been sustained by the plaintiff herein with regard to their claim under the subject policy, is irrelevant and the question is not reasonable calculated to lead to relevant facts.

Plaintiff argues that the information sought is relevant because this is the very type of claim denial at issue in this case and because Plaintiff seeks punitive damages. Plaintiff also

5

argues that he is entitled to discover similar claims where an agent effectively denied a claim without submitting it to State Farm. In response, State Farm argues that the request seeks irrelevant information and is overly broad and unduly burdensome. State Farm points out that the request has no jurisdictional limitations and seeks information from the past five years.

According to State Farm, it would have to manually review each and every uninsured/underinsured claim to determine if the claim was denied and if residency was an issue in the claim. State Farm asserts that, in Mississippi alone, more than seventeen hundred uninsured/underinsured claims were submitted in 2018 and more than two thousand were submitted in each of the preceding four years.

Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweights it likely benefits.

This Rule also specifies that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). At some point, however, discovery yields diminishing returns, needlessly increases expenses, and delays the resolution of the parties' dispute. Finding a just and appropriate balance in the discovery process is one of the key responsibilities of the Court, and "[i]t is well established that the scope of discovery is within the sound discretion of the trial court." *Freeman v. United States*, 566 F.3d 326, 341 (5th Cir. 2009).

The Court finds that this request seeks information relevant to the claims in this action. The Court, however, finds that the request should be limited to claims submitted in Mississippi

6

in 2018 and 2017.[3] Additionally, the Court finds that State Farm need not specifically identify claims where an agent effectively denied the claim without submitting it to State Farm as Plaintiff did not include such a specific request in Request for Production No. 6.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's First Motion to Compel [65] is GRANTED in part and DENIED in part.

2. Defendant State Farm's Motion for Time [83] is GRANTED.

3. On or before May 3, 2019, State Farm shall produce the discoverable documents as set forth herein.

SO ORDERED this the 22nd day of April, 2019.

                                              s/Michael T. Parker
                                              UNITED STATES MAGISTRATE JUDGE

---

[3] According to the Complaint [1-2], Plaintiff notified State Farm of his claim by letter dated February 13, 2018.